*Stubblefield, for appellant.*

*A. R. Boone, for appellee.*

---

THEODORE DREIDEL *v.* M. L. VIRDEN, ET AL.

Factors and Brokers—Purchase by One of Commission Business—Liability for Consignment.

A commission merchant, who handles goods on consignment, trans-ferred his business, by sale, to his vendee. He had on hand goods consigned to him for sale. Held that the purchaser became liable to the consignor to the extent of the goods on hand at the time of the transfer.

APPEAL FROM JEFFERSON CIRCUIT COURT. CHY. DIV.

December 6, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

Withers was a commission merchant in the City of Louisville, and was the agent of Dreidel for the sale of Hummel's extract of coffee, and about the 1st of March, 1869 had on hand something less than 300 boxes of said extract, for which there remained due to Dreidel $186.22.

On the 1st of March, 1869, Virden became the successor of Withers, who, from that time, followed a different business. The two parties however carried on their respective avocations in the same house until about the middle of the following May.

Withers about that time left Louisville without settling with appellant, and has never returned. A day of two afterwards Virden changed his place of business and carried with him the extract of coffee consigned by appellant to Withers for sale.

On the 18th of June, Dreidel brought this suit, and attached such of said extract as remained in the hands of appellees, and sought to subject the same to the payment of his claim against Withers. By the answer appellees claim to have purchased said extract from Withers in the usual course of trade and in perfect good faith and denied the right of Dreidel to subject it to the payment of his said claim against Withers. The chancellor dismissed appellant's petition and discharged his order of attachment.

According to the joint circular of Virden and Withers issued March 1st, Virden became the sucecssor of Withers in the commission business, and if he acquired the possession of the coffee at that time, he held it as the successor of Withers and as the agent of Dreidel, and not in his own right.

If he did purchase it on the 14th of April, the fact that he purchased the whole lot at one time, and for greatly less than its market retail price, rebuts the idea that the purchase was made in the usual course of trade.

When we consider the fact that Virden removed his place of business the day after Withers left Louisville, and for the first time reduced the goods attached to his individual possession so far as it appears from this record, we are forced to conclude that the whole transaction of sale was fraudulent and that Virden participated in the fraud, and therefore, that the goods should be subjected to the payment of Dreidel's claim. Wherefore the judgment dismissing his petition and discharging his order of attachment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Demblitz & Wehle, for appellant.*

*Mix, for appellee.*